# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW SCHNEBLY, <br><br> Plaintiff, <br><br> v. <br><br> SALT LAKE COUNTY, <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:14-cv-127-RJS-EJF <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Evelyn J. Furse |

*Pro se* Plaintiff Andrew Schnebly filed a Complaint against Salt Lake County on February 24, 2014. (ECF No. 3.) On June 11, 2014, Salt Lake County moved the Court to dismiss Mr. Schnebly's Complaint under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 10.) On September 19, 2014, the Court held a hearing on Salt Lake County's Motion to Dismiss.

Based on the Complaint, the unopposed Motion to Dismiss, and the hearing, the Court[1] RECOMMENDS the District Court dismiss the Complaint without prejudice and grant him leave to re-plead because Mr. Schnebly did not include enough details in his Complaint to state a claim upon which a court could grant relief.

To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'[A] plaintiff must offer specific factual allegations to support each claim.'" *Id.* (citation omitted).

---

[1] On May 5, 2014, Judge Robert J. Shelby referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

Mr. Schnebly alleged three causes of action under 42 U.S.C. 1983: a violation of his 8th Amendment right to be free from cruel and unusual punishment, a violation of his 1st Amendment right to enjoy freedom of religion, and a violation of his 4th Amendment right to be free from unreasonable searches and seizures.[2] However, Mr. Schnebly's Complaint lacks several important details to make out plausible claims, such as when and where the events occurred. His descriptions of the events also lack specificity.[3] Even when the Court liberally construes his Complaint, Mr. Schnebly simply has not pled enough facts to plausibly make out the elements of his causes of action. Furthermore, he failed to identify some Salt Lake County policy or custom that caused these alleged constitutional violations – an element required to hold Salt Lake County liable. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom … inflicts the injury that the government as an entity is responsible under § 1983.").

At the hearing on this matter, Mr. Schnebly provided slightly more detail and agreed he could provide much greater detail if given the opportunity to amend his Complaint. Mr. Schnebly's new complaint must meet the requirements for pleadings set forth in the Federal Rules of Civil Procedure and contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas*, 656 F.3d at 1214 (citation omitted). "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (citation omitted). Mr. Schnebly's new complaint "must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Id*. (citation omitted).

---

[2] Because Mr. Schnebly proceeds *pro se*, the Court liberally construes his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

[3] For example, his entire second cause of action states: "The Plaintiff was forced to dress down to his religious garments which are not allowed to be shown and paraded about continually. The attending officer refused any pleadings for a change of dress or cover up." (Compl. 4, ECF No. 3.)

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Court dismiss Mr. Schnebly's Complaint without prejudice and grant Mr. Schnebly leave to re-plead. The Court further RECOMMENDS the District Court grant Mr. Schnebly thirty (30) days after entry of a decision on this Report and Recommendation to do so.

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same. The parties are further notified that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this _22d_____ day of September, 2014.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge